**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

HEIDI MCBRIDE,

          Plaintiff,

v.                                      Case No:  6:21-cv-1216-LHP

COMMISSIONER OF SOCIAL
SECURITY,

          Defendant

---

**ORDER[1]**

This cause comes before the Court on a Motion for Authorization of an Attorney Fee under Section 206(b)(1) of the Social Security Act.  Doc. No. 26.  The Commissioner takes no position on the motion.  Doc. No. 28.  Upon review, and for the reasons that follow, the motion (Doc. No. 26) is **GRANTED**.

## I.  BACKGROUND.

On August 1, 2021, Heidi McBride ("Claimant") entered into a contingency fee agreement with Heather Freeman, Esq., for the purpose of appealing the Commissioner of Social Security's ("the Commissioner's") denial of Claimant's

---

[1] The parties consented to the exercise of jurisdiction by a United States Magistrate Judge in this case.  Doc. Nos. 10, 13.

request for social security disability benefits.  Doc. No. 26-1.  In the event that the Court remanded the case to the Commissioner for further proceedings and the Commissioner awarded Claimant past-due benefits, then, under the agreement, Claimant agreed to pay Attorney Freeman a fee of twenty-five percent (25%) of the total amount of the past-due benefits ultimately awarded.  *Id.*

On July 28, 2021, Claimant filed a complaint against the Commissioner, alleging that the Commissioner improperly denied her request for disability benefits.  Doc. No. 1.  On May 31, 2022, on the Commissioner's unopposed motion, the Court reversed and remanded the matter to the Commissioner for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g).  Doc. Nos. 21-22.  Judgment was entered accordingly on June 1, 2022.  Doc. No. 23.

Following remand, Claimant timely moved for an award of attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d).  Doc. No. 24. According to that motion, Claimant's counsel spent a total of 42 hours working on this case before this Court.  *Id.*  The Court granted the motion and awarded Claimant a total of $8,784.26 in attorney's fees pursuant to the EAJA.  Doc. No. 25.

On remand, the Commissioner found that Claimant was disabled for a closed period and awarded her a total of $173,625.00 in past due benefits:  $133,528.00 for Claimant, $28,435.00 for one child, and $11,662.00 for a second child.  Doc. No. 26-

2 at 4, 11, 15.[2]   Based thereon, Attorney Freeman timely filed[3] a motion seeking authorization to collect a total of $34,621.99 in attorney's fees from Claimant, which is twenty-five percent (25%) of the total past-due benefits awarded ($43,406.25), minus the EAJA fees previously awarded ($8,784.26).   Doc. No. 26, at 8.[4]

The Commissioner takes no position on the motion, Doc. No. 28, and the matter is ripe for review.

## II.    APPLICABLE LAW.

Attorney Freeman seeks attorney's fees pursuant to 42 U.S.C. § 406(b), which provides, in relevant part, as follows:

> Whenever a court renders a judgment favorable to a claimant . . . who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment[.]

---

[2] The award letters do not set forth the total amount of past due benefits, but state that 25% of the past due benefits awarded—$33,382.00 for Plaintiff, and $7,108.75 and $2,915.50 for each child—was withheld for payment of attorney's fees.   Doc. No. 26-2, at 4, 11, 15.   Thus, the total amount of past due benefits would equate to $133,528.00, $28,435.00, and $11,662.00, respectively, and, in total, $173,625.00.

[3] The motion was filed within fourteen (14) days of Claimant's actual receipt of the three Notices of Award (*see* Doc. No. 26, at 4; Doc. No. 26-2), and the Commissioner does not argue that the motion is untimely.   *See also* Local Rule 7.01(e).

[4] "The same legal analysis [applies to] the reasonableness of the § 406(b) fee and application of the terms of Plaintiff's fee agreement (including benefits awarded to beneficiaries)."   *See Arroyo v. Comm'r of Soc. Sec.*, No. 6:20-cv-35-ACC-LHP, 2022 WL 18716689, at *1 (M.D. Fla. Dec. 1, 2022).   *See also Chabriel v. Comm'r of Soc. Sec.*, No. 6:13-cv-1711-Orl-41TBS, 2016 WL 1242518, at *1 (M.D. Fla. Feb. 25, 2016), *report and recommendation adopted*, 2016 WL 1223556 (M.D. Fla. Mar. 29, 2016) (approving fee award under § 406(b) to include a percentage of benefits owed to auxiliary beneficiaries).

- 3 -

42 U.S.C. § 406(b)(1)(A).  The statute further provides that it is unlawful for an attorney to charge, demand, receive or collect for services rendered in connection with proceedings before a court any amount in excess of that allowed by the court. *Id.* § 406(b)(2).  Therefore, to receive a fee under this statute, an attorney must seek court approval of the proposed fee, even if there is a fee agreement between the attorney and the client.

In *Bergen v. Comm'r of Soc. Sec.*, 454 F.3d 1273 (11th Cir. 2006), the Eleventh Circuit held that § 406(b) "authorizes an award of attorney's fees where the district court remands the case to the Commissioner of Social Security for further proceedings, and the Commissioner on remand awards the claimant past-due benefits."  *Id.* at 1277.  Accordingly, if the court remands a case to the Commissioner, the claimant's attorney is entitled to recover attorney's fees for the work performed before the court under § 406(b) if, on remand, the Commissioner awards the claimant past-due benefits.  *Id.*

An attorney cannot recover a fee for the same work under both the EAJA and § 406(b)—both of which compensate the attorney for the attorney's efforts before the district court.  If the court awards an attorney fee pursuant to both provisions, then the attorney must refund to claimant the amount of the smaller fee.  *See Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002).  The attorney may choose to effectuate the refund by deducting the amount of an earlier EAJA award from the

attorney's subsequent § 406(b) fee request.   *Jackson v. Comm'r of Soc. Sec.*, 601 F.3d 1268, 1274 (11th Cir. 2010).

The reasonableness of an attorney fee under § 406(b) depends on whether the claimant agreed to pay the attorney an hourly rate or a contingency fee.   In the case of a contingency fee, the best indicator of "reasonableness" is the percentage actually negotiated between the claimant and the attorney.   *Wells v. Sullivan*, 907 F.2d 367, 371 (2d Cir. 1990).   However, a court cannot rely solely on the existence of a contingency fee agreement.   *See Gisbrecht*, 535 U.S. at 807–08.   Rather, a court must review the contingency fee agreement as an independent check to ensure that it yields a reasonable result in each particular case.   *Id.*   In determining whether the amount sought is reasonable, the court may consider the following factors: (1) the character of the attorney's representation and the result achieved; (2) the number of hours spent representing the claimant and the attorney's normal billing rate; (3) the risk involved in taking claimant's case on a contingency basis; and (4) whether the attorney was responsible for delaying the proceedings.   *See id.* at 808; *see also McGuire v. Sullivan*, 873 F.2d 974, 981 (7th Cir. 1989); *McKee v. Comm'r of Soc. Sec.*, No. 6:07-cv-1554-Orl-28KRS, 2008 WL 4456453, at *5 (M.D. Fla. Sept. 30, 2008); *Yarnevic v. Apfel*, 359 F. Supp. 2d 1363, 1365 (N.D. Ga. 2005) (noting that the hours spent and billing rate do not control a court's determination of overall reasonableness).   The attorney seeking fees under § 406(b) bears the burden of

showing that the fee sought is reasonable for the services rendered.   *Gisbrecht*, 535 U.S. at 807 n.17; *McKee*, 2008 WL 4456453, at \*5.

**III.   ANALYSIS.**

Attorney Freeman represented Claimant before this Court and, through her advocacy, achieved a reversal and remand of the Commissioner's final decision. *See* Doc. Nos. 21-23.   Ultimately, the Commissioner found that Claimant was disabled and awarded her and her children a total of $173,625.00 in past-due benefits.   Doc. No. 26-2.   Attorney Freeman is therefore entitled to an award of attorney's fees under § 406(b).   *See Bergen*, 454 F.3d at 1271.

Attorney Freeman is entitled to recover up to twenty-five (25%) percent of the past-due benefits awarded to Claimant, *i.e.*, $43,406.25.   *See* 42 U.S.C. § 406(b)(1)(A); Doc. No. 26-2, at 4, 11, 15.   Attorney Freeman has elected to effectuate the requisite refund of the EAJA award, *i.e.*, $8,784.26, by reducing her request for attorney's fees under § 406(b) by the amount previously awarded under the EAJA.   *See Jackson*, 601 F.3d at 1271.   So, Attorney Freeman seeks a total of $34,621.99 in fees under § 406(b).   *Id.*

The Court finds that the amount Attorney Freeman requests in § 406(b) fees is reasonable.   First, Claimant entered into a contingency fee agreement, in which she agreed to pay Attorney Freeman a fee of twenty-five (25%) percent of the total amount of the past-due benefits ultimately awarded to her and her beneficiaries.

*See* Doc. No. 26-1.   This agreement militates in favor of finding that the requested amount is reasonable.   *See Wells*, 907 F.2d at 371.   Second, Attorney Freeman spent a total of approximately 42 hours litigating Claimant's case before this Court.   *See* Doc. No. 24.   As a result of Attorney Freeman's advocacy, Claimant was successful on her claims and became entitled to past-due benefits.   *See* Doc. No. 21-23, 26-2. Third, there is no evidence that Attorney Freeman caused any delays in this case. Finally, Attorney Freeman undertook significant risk of non-payment by taking this case on a contingency basis after the Commissioner denied Claimant's request for disability benefits.   In light of the foregoing, the Court finds that Attorney Freeman's request for $34,621.99 (representing twenty-five percent (25%) of the past-due benefits awarded ($43,406.25), minus the EAJA fees previously awarded ($8,784.26)), in attorney's fees under § 406(b) reasonable under the circumstances of this case.

## IV.    CONCLUSION.

Based on the foregoing, it is **ORDERED** that:

1.      The Motion for Authorization of an Attorney Fee under Section 206(b)(1) of the Social Security Act (Doc. No. 26) is **GRANTED**.

2.      Attorney Freeman is authorized to charge and collect from Claimant a total of $34,621.99 under § 406(b).

**DONE** and **ORDERED** in Orlando, Florida on March 11, 2026.

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record